**IN THE COURT OF APPEALS OF IOWA**

No. 23-0095
Filed April 12, 2023

**IN THE INTEREST OF M.C. and A.V.,**
**Minor Children,**

**S.C., Mother,**
    Appellant,

**C.V., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.

A mother and a father separately appeal the order terminating their parental

rights.  **AFFIRMED ON BOTH APPEALS.**

Nathan Hostetter of Hostetter Law Office, Ames, for appellant mother.

Tonya A. Oetken of Oetken Law Firm, Inc., Ankeny, for appellant father.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney

General, for appellee State.

Emily Kathleen Deronde of Deronde Law Firm, P.L.L.C., Johnston, attorney

and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

The mother of M.C. and A.V. and the father of A.V. separately appeal the order terminating their parental rights. Each contends that termination is not in their children's best interests and would harm the children because of the closeness of the parent-child bond. Finding termination is in the children's best interests, we affirm on both appeals.

The termination order concerns two half-siblings: M.C., born in 2014, and A.V., born in 2017. The children were living with the mother in 2020 when concerns arose about the mother's drug use and safety hazards in the home. As a result of those concerns, the juvenile court adjudicated the children to be in need of assistance in February 2021. The children kept living with the mother until the juvenile court removed them from her custody in June 2021. At the time of the September 2022 termination hearing, both children were in a relative placement with M.C.'s father and his wife.

The evidence presented at the termination hearing shows that the mother and the father cannot care for the children because of drug use. The mother has diagnoses of severe oxycodone use disorder, severe methamphetamine use disorder, and mild benzodiazepine use disorder. Although she stopped using oxycodone after starting methadone treatment in December 2020, she continued to use methamphetamine throughout the proceedings. A.V.'s father also has a history of drug use, with three convictions for possession of a controlled substance. He failed to complete a substance-abuse evaluation and does not believe he has a severe substance-related disorder. He denied a history of methamphetamine use despite his only drug test showing a positive result for methamphetamine. His

behavior also showed he was using methamphetamine.[1]  The juvenile court found that neither parent was able to assume custody because of ongoing drug use, and it terminated both the mother's and the father's parental rights under Iowa Code section 232.116(1)(f) (Supp. 2022).  Neither parent disputes the grounds for termination.

Both the mother and the father contend termination is not in the children's best interests.  In determining best interests, we use the framework described in section 232.116(2).  S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010).  That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home."  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The children are currently in the care of M.C.'s father and his wife.  They have shared they are willing to adopt A.V. if parental rights are terminated.  The juvenile court found that doing so would be in M.C. and A.V.'s best interests because the mother "has shown a continued pattern of placing her personal needs ahead of the needs of the children" and A.V.'s father "has not made an effort to obtain custody of [A.V.]"  Despite facing termination of parental rights, "[n]either parent has been able to give up the use of methamphetamine."  Meanwhile, the court found that M.C.'s father and his wife have "devoted a substantial period of

---

[1] These include "weight loss," "jittery movements," and "sunken and gaunt" facial features.

time in caring for the children." Both the State and the guardian ad litem recommended termination so that M.C.'s father and his wife can adopt both children. Doing so would keep the children together and best meet their physical, mental, and emotional needs. After a de novo review, we agree that termination is in the children's best interests.

The mother and the father seek to avoid termination by arguing it will be "detrimental" to the children because of "the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c) (providing that the court "need not terminate the relationship between the parent and child" under this circumstance). But "the existence of a bond is not enough." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Before section 232.116(3)(c) can be used to avoid termination, a parent must "provide the clear and convincing evidence necessary to show that, on balance, that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021). Because the record lacks evidence showing that termination will harm the children, section 232.116(3)(c) is inapplicable.

Because terminating the parental rights of M.C.'s and A.V.'s mother and A.V.'s father is in their best interests, we affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**